UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE A. SMITH | : | Case No. 1:21-cv-00057 |
| | : | |
| Plaintiff | : | (Honorable Judge Douglas R. Cole) |
| | : | |
| vs. | : | **ANSWER OF DEFENDANTS US** |
| | : | **ACUTE CARE SOLUTIONS D/B/A** |
| MERCY HEALTH – CLERMONT | : | **ACUTE CARE SPECIALIST, INC.,** |
| HOSPITAL, LLC, et al. | : | **AND SAMANTHA YELLEY, D.O. TO** |
| | : | **PLAINTIFF'S FIRST AMENDED** |
| Defendants | : | **COMPLAINT WITH JURY DEMAND** |

Now come Defendants, US Acute Care Solutions d/b/a Acute Care Specialist, Inc., and Samantha Yelley, D.O., by and through counsel and Answer Plaintiff's First Amended Complaint as follows:

1.      Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 1 of Plaintiff's First Amended Complaint and therefore deny such averments.

2.      Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 2 of Plaintiff's First Amended Complaint and therefore deny such averments.

3.      Defendants deny the averments contained in paragraph 3 of Plaintiff's First Amended Complaint.

4.      Defendants deny the averments contained in paragraph 4 of Plaintiff's First Amended Complaint.

5. The averments contained in paragraph 5 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

6. Defendants admit that Defendant EMP of Cincinnati, Ltd., is an Ohio corporation or a similar entity and doing business as a medical provider in Clermont County, Ohio. Defendants deny the remaining averments contained in paragraph 6 as specifically stated.

7. Defendants admit the averments contained in paragraph 7 of Plaintiff's First Amended Complaint.

8. The averments contained in paragraph 8 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

9. The averments contained in paragraph 9 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

10. The averments contained in paragraph 10 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

11. The averments contained in paragraph 11 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

12. The averments contained in paragraph 12 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

13. The averments contained in paragraph 13 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

14. Defendants state that the averments set forth in paragraph 14 of Plaintiff's First Amended Complaint call for a legal conclusion to which no affirmative pleading is required but otherwise deny such averments.

15. Defendants state that the averments set forth in paragraph 15 of Plaintiff's First Amended Complaint call for a legal conclusion to which no affirmative pleading is required but otherwise deny such averments.

16. Defendants state that the averments set forth in paragraph 16 of Plaintiff's First Amended Complaint call for a legal conclusion to which no affirmative pleading is required but otherwise deny such averments.

17. Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 16 in answer to paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 18 of Plaintiff's First Amended Complaint and therefore deny such averments.

19.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 19 of Plaintiff's First Amended Complaint and therefore deny such averments.

20.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 20 of Plaintiff's First Amended Complaint and therefore deny such averments.

21.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 21 of Plaintiff's First Amended Complaint and therefore deny such averments.

22.     Defendants deny paragraph 22 of Plaintiff's First Amended Complaint based on current information and belief.

23.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 23 of Plaintiff's First Amended Complaint and therefore deny such averments.

24.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 24 of Plaintiff's First Amended Complaint and therefore deny such averments.

25.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 25 of Plaintiff's First Amended Complaint and therefore deny such averments.

26.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 26 of Plaintiff's First Amended Complaint and therefore deny such averments.

27.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 27 of Plaintiff's First Amended Complaint and therefore deny such averments.

28.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 28 of Plaintiff's First Amended Complaint and therefore deny such averments.

29.     Defendants admit the averments contained in paragraph 29 of Plaintiff's First Amended Complaint.

30.     Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 30 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection.   Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

31.     Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 31 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection.   Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete and/or inaccurately stated.

32.     Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the

averments set forth in paragraph 32 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete and/or inaccurately stated.

33.    Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 33 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete and/or inaccurately stated.

34.    Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 34 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

35.    Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 35 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the

factual averments in said Paragraph, as stated, are factually incomplete and/or inaccurately stated.

36.    Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 36 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection.   Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

37.    Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 37 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection.   Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

38.    Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 38 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection.   Defendants further state that the factual averment in said Paragraph, as stated, are factually incomplete and/or inaccurately stated, and therefore denies such averments.

39.    Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the

averments set forth in paragraph 39 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averment in said Paragraph, as stated, are factually incomplete and/or inaccurately stated, and therefore denies such averments.

40. Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 40 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection or by Defendants' expert opinions. Defendants further state that the factual averment in said Paragraph, as stated, are factually incomplete and/or inaccurately stated, and therefore denies such averments.

41. Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 41 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

42. Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 42 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical

record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

43.     Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 43 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

44.     Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 44 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete and/or misleading, and therefore deny such averments.

45.     Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the averments set forth in paragraph 45 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

46.     Defendants will admit to any factual averments that are accurately supported by the medical records and Defendants' recollection in answer to the

averments set forth in paragraph 46 of Plaintiff's First Amended Complaint and denies whatever factual averments are not accurately supported by the medical record or by Defendants' recollection. Defendants further state that the factual averments in said Paragraph, as stated, are factually incomplete.

47. Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 47 of Plaintiff's First Amended Complaint and therefore deny such averments.

48. Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 48 of Plaintiff's First Amended Complaint and therefore deny such averments.

49. Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 49 of Plaintiff's First Amended Complaint and therefore deny such averments.

50. Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 50 of Plaintiff's First Amended Complaint and therefore deny such averments.

51. Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 51 of Plaintiff's First Amended Complaint and therefore deny such averments.

52. Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 52 of Plaintiff's First Amended Complaint and therefore deny such averments.

53.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 53 of Plaintiff's First Amended Complaint and therefore deny such averments.

54.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 54 of Plaintiff's First Amended Complaint and therefore deny such averments.

55.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 55 of Plaintiff's First Amended Complaint and therefore deny such averments.

56.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 56 of Plaintiff's First Amended Complaint and therefore deny such averments.

57.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 57 of Plaintiff's First Amended Complaint and therefore deny such averments.

58.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 58 of Plaintiff's First Amended Complaint and therefore deny such averments.

59.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 59 of Plaintiff's First Amended Complaint and therefore deny such averments.

60.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 60 of Plaintiff's First Amended Complaint and therefore deny such averments.

61.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 61 of Plaintiff's First Amended Complaint and therefore deny such averments.

62.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 62 of Plaintiff's First Amended Complaint and therefore deny such averments.

63.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 63 of Plaintiff's First Amended Complaint and therefore deny such averments.

64.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 64 of Plaintiff's First Amended Complaint and therefore deny such averments.

65.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 65 of Plaintiff's First Amended Complaint and therefore deny such averments.

66.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 66 of Plaintiff's First Amended Complaint and therefore deny such averments.

67.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 67 of Plaintiff's First Amended Complaint and therefore deny such averments.

68.     Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 67 in answer to paragraph 68 of Plaintiff's First Amended Complaint.

69.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 69 of Plaintiff's First Amended Complaint and therefore deny such averments.  Defendants further deny any negligence in their care and treatment of Plaintiff.

70.     Defendants state that the averments set forth in paragraph 70 of Plaintiff's First Amended Complaint call for a legal conclusion to which no affirmative pleading is required but otherwise deny such averments.

71.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 71 of Plaintiff's First Amended Complaint and therefore deny such averments.  Defendants further deny any negligence in their care and treatment of Plaintiff.

72.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 72 of Plaintiff's First Amended Complaint and therefore deny such averments.

73.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 73 of Plaintiff's First

Amended Complaint and therefore deny such averments. Defendants further deny any negligence in their care and treatment of Plaintiff.

74.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 74 of Plaintiff's First Amended Complaint and therefore deny such averments. Defendants further deny any negligence in their care and treatment of Plaintiff.

75.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 75 of Plaintiff's First Amended Complaint and therefore deny such averments. Defendants further deny any negligence in their care and treatment of Plaintiff

76.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 76 of Plaintiff's First Amended Complaint and therefore deny such averments. Defendants further deny any negligence in their care and treatment of Plaintiff

77.     Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph 77 of Plaintiff's First Amended Complaint and therefore deny such averments. Defendants further deny any negligence in their care and treatment of Plaintiff

78.     Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 77 in answer to paragraph 78 of Plaintiff's First Amended Complaint.

79.     Defendants admit that Dr. Yelley is an employee of Defendant EMP of Cincinnati, Ltd.  Defendants deny the remaining averments contained in paragraph 79 of Plaintiff's First Amended Complaint.

80.     Defendants deny the averments contained in paragraph 80 of Plaintiff's First Amended Complaint.

81.     Defendants deny the averments contained in paragraph 81 of Plaintiff's First Amended Complaint.

82.     Defendants deny the averments contained in paragraph 82 of Plaintiff's First Amended Complaint.

83.     Defendants deny the averments contained in paragraph 83 of Plaintiff's First Amended Complaint.

84.     Defendants state that the averments set forth in paragraph 84 of Plaintiff's First Amended Complaint call for a legal conclusion to which no affirmative pleading is required but otherwise deny such averments.

85.     Defendants deny the averments contained in paragraph 85 of Plaintiff's First Amended Complaint.

86.     Defendants deny the averments contained in paragraph 86 of Plaintiff's First Amended Complaint.

87.     Defendants deny the averments contained in paragraph 87 of Plaintiff's First Amended Complaint.

88.     Defendants deny the averments contained in paragraph 88 of Plaintiff's First Amended Complaint.

89.    Defendants deny the averments contained in paragraph 89 of Plaintiff's First Amended Complaint.

90.    Defendants deny the averments contained in paragraph 90 of Plaintiff's First Amended Complaint.

91.    Defendants deny the averments contained in paragraph 91 of Plaintiff's First Amended Complaint.

92.    Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 91 in answer to paragraph 92 of Plaintiff's First Amended Complaint.

93.    Defendants deny the averments contained in paragraph 93 of Plaintiff's First Amended Complaint.

94.    Defendants deny the averments contained in paragraph 94 of Plaintiff's First Amended Complaint.

95.    Defendants deny the averments contained in paragraph 95 of Plaintiff's First Amended Complaint.

96.    Defendants deny the averments contained in paragraph 96 of Plaintiff's First Amended Complaint.

97.    Defendants deny the averments contained in paragraph 97 of Plaintiff's First Amended Complaint.

98.    Defendants deny the averments contained in paragraph 98 of Plaintiff's First Amended Complaint.

99.    Defendants deny the averments contained in paragraph 99 of Plaintiff's First Amended Complaint.

100. Defendants deny the averments contained in paragraph 100 of Plaintiff's First Amended Complaint.

101. Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 100 in answer to paragraph 101 of Plaintiff's First Amended Complaint.

102. The averments contained in paragraph 102 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

103. The averments contained in paragraph 103 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

104. The averments contained in paragraph 104 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

105. The averments contained in paragraph 105 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

106. The averments contained in paragraph 106 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

107. Defendants state that the averments set forth in paragraph 107 of Plaintiff's First Amended Complaint call for a legal conclusion to which no affirmative pleading is required but otherwise deny such averments.

108. The averments contained in paragraph 108 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

109. The averments contained in paragraph 109 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

110. The averments contained in paragraph 110 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

111. The averments contained in paragraph 111 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

112. The averments contained in paragraph 112 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

113. The averments contained in paragraph 113 of Plaintiffs' First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

114. The averments contained in paragraph 114 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

115.   Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 114 in answer to paragraph 115 of Plaintiff's First Amended Complaint.

116.   The averments contained in paragraph 116 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

117.   The averments contained in paragraph 117 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

118.   The averments contained in paragraph 118 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

119.   The averments contained in paragraph 119 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

120.   The averments contained in paragraph 120 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

121.   The averments contained in paragraph 121 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

122.   The averments contained in paragraph 122 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

123.   The averments contained in paragraph 123 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

124.   The averments contained in paragraph 124 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

125.   The averments contained in paragraph 125 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

126.   The averments contained in paragraph 126 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

127.   The averments contained in paragraph 127 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

128.   The averments contained in paragraph 128 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

129.   The averments contained in paragraph 129 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

130.   Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 129 in answer to paragraph 130 of Plaintiff's First Amended Complaint.

131.   Defendants deny the averments contained in paragraph 131 as it pertains to them.  The remaining averments are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

132.   Defendants deny the averments contained in paragraph 132 as it pertains to them.  The remaining averments are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

133.   Defendants deny the averments contained in paragraph 133 as it pertains to them.  The remaining averments are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

134.   Defendants deny the averments contained in paragraph 134 as it pertains to them.  The remaining averments are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

135.   Defendants deny the averments contained in paragraph 135 as it pertains to them.  The remaining averments are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

136.   The averments contained in paragraph 136 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

137.   The averments contained in paragraph 137 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

138.   The averments contained in paragraph 138 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

139.   The averments contained in paragraph 139 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

140.   The averments contained in paragraph 140 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

141.   The averments contained in paragraph 141 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

142. The averments contained in paragraph 142 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

143. The averments contained in paragraph 143 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

144. The averments contained in paragraph 144 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

145. The averments contained in paragraph 145 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

146. Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 145 in answer to paragraph 146 of Plaintiff's First Amended Complaint.

147. The averments contained in paragraph 147 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

148. Defendants deny the averment contained in paragraph 148 as it pertains to them. The remaining averments contained in paragraph 148 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

149. Defendants deny the averment contained in paragraph 149 as it pertains to them. The remaining averments contained in paragraph 149 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

150. Defendants deny the averment contained in paragraph 150 as it pertains to them. The remaining averments contained in paragraph 150 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

151. Defendants deny the averment contained in paragraph 151 as it pertains to them. The remaining averments contained in paragraph 151 of Plaintiff's First Amended Complaint are directed to a defendant other than these answering defendants therefore, the averments are neither admitted nor denied.

152. Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 151 in answer to paragraph 152 of Plaintiff's First Amended Complaint.

153. Defendants deny the averments contained in paragraph 153 of Plaintiff's First Amended Complaint.

154. Defendants deny the averments contained in paragraph 154 of Plaintiff's First Amended Complaint.

155. Defendants deny the averments contained in paragraph 155 of Plaintiff's First Amended Complaint.

156. Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 155 in answer to paragraph 156 of Plaintiff's First Amended Complaint.

157. Defendants deny the averments contained in paragraph 157 of Plaintiff's First Amended Complaint.

158. Defendants deny the averments contained in paragraph 158 of Plaintiff's First Amended Complaint.

159. Defendants incorporate as if rewritten fully within their admissions, denials and answers set forth in paragraphs 1 through 158 in answer to paragraph 159 of Plaintiff's First Amended Complaint.

160. Defendants deny the averments contained in paragraph 160 of Plaintiff's First Amended Complaint.

**AFFIRMATIVE DEFENSES**

1. Defendants deny each and every, all and singular, of the statements, allegations and averments contained in Plaintiff's First Amended Complaint which are not specifically herein admitted to be true.

2. Plaintiff was fully advised of the alternatives available for the treatment of a pre-existing condition, and thereafter authorized the surgical and/or medical procedures employed, and, in so doing, (primarily or implicitly) assumed the risk or risks that were clearly inherent in the projected surgical and/or medical procedures.

3.     Plaintiff's own negligence caused or contributed to any injuries that may have been sustained.

4.     Defendants are entitled to a set off from any adverse verdict to judgment entered of any amount paid to Plaintiff by any other person or entity pursuant to O.R.C. §2307.28.  The Defendants are also entitled to an apportionment of liability to non-parties to this action pursuant to O.R.C. §2307.23(A)(2) and O.R.C. §2307.23(C).  Pursuant to O.R.C. 2307.23(A)-(C), the Defendants are also entitled to an apportionment of liability to include any person or entity that is a party, has ever been named as a party to this action or to a subsequently filed action, regardless of whether the party remains a party at trial, is voluntarily dismissed, dismissed by the court for any reason, or has settled.

5.     Plaintiff's allegations relating to past and future medical expenses and costs of case that were paid by third parties are not recoverable by Plaintiffs as Plaintiffs are not the real party in interest.

6.     The First Amended Complaint should be dismissed for failure to join an indispensable party.

7.     The First Amended Complaint should be dismissed as to these Defendants for insufficiency of process and insufficiency of service of process.

8.     Defendants state that if the negligence of persons not under the control or in the employ of these Defendants and for whose actions and/or omissions these Defendants had no legal responsibility, directly and proximately caused the occurrence which is the subject of this lawsuit and all

damages resulting therefrom, if any, then that negligence is a complete and efficient intervening and/or superseding cause and therefore these Defendants are not liable to the Plaintiff herein.

9.      Defendants state and allege that in their relationship to the Plaintiff, they exercised that degree of care, skill and diligence that is commonly exercised by like and similar physicians under like and similar circumstances.

10.     Defendants state that any injuries or damages sustained by Plaintiff were the result of an unforeseeable and untoward series of events over which these Defendants had no control and, as such, constitute an act of God for which these Defendants cannot be held liable.

11.     Plaintiff fails for lack of personal jurisdiction.

12.     Defendants assert by reference, as if fully written herein, any and all affirmative defenses available to it under Federal Rules of Civil Procedure 8 and 12.

13.     Defendants reserve the right to raise such further defenses as shall become manifest during or upon completion of discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants, US Acute Care Solutions d/b/a Acute Care Specialist, Inc., and Samantha Yelley, D.O., pray that the First Amended Complaint be dismissed as against them at Plaintiff's costs and that they be permitted to go hence without further cost and delay.

Respectfully submitted,

## *David S. Lockemeyer*

David S. Lockemeyer (#0059188)
Stephanie P. Franckewitz (#0072391)
Calderhead, Lockemeyer & Peschke Law Office
6281 Tri-Ridge Boulevard, Suite 210
Loveland, Ohio 45140
Phone: (513) 576-1060/Fax: (513) 576-8792
dlockemeyer@clp-law.com
sfranckewitz@clp-law.com
*Counsel for Defendants US Acute Care Solutions*
*d/b/a Acute Care Specialists, Inc., and*
*Samantha Yelley, D.O.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed with the District Court this 28th day of April 2021 and served upon the following:

Lindsay A. Lawrence
Joseph W. Shea, III
Rittgers & Rittgers
3734 Eastern Avenue
Cincinnati, OH 45226
lindsay@rittgers.com
*Counsel for Plaintiffs*

T. David Burgess
Kristopher Burgess
T. David Burgess Co., LPA
110 North Third Street
Williamsburg, Ohio 45176
david@theburgessfirm.com
kristopher@theburgessfirm.com
*Co-Counsel for Plaintiffs*

Margaret A. Castro
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Margaret.Castro@usdoj.gov

*Counsel for United States of America, Obo United States of America on behalf of Roger Chang, M.D., and HealthSource of Ohio,*

C. Jessica Pratt
Rendigs, Fry, Kiely & Dennis
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
jpratt@rendigs.com
*Counsel for Mercy Health-Clermont Hospital, LLC*

Bruce R. Parker
Thomasina E. Poirot
Venable, LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
brparker@venable.com
tepoirot@venable.com
*Counsel for Lab Corp Dublin d/b/a Laboratory Corporation of America*

*David S. Lockemeyer*
David S. Lockemeyer